UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEAN GONZALEZ, : | |
|     Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:13-cv-1469 (SRU) |
| : | |
| GREG CHEVERIER, : | |
|     Defendant. : | |

INITIAL REVIEW ORDER

The plaintiff, Jean Gonzalez, currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, commenced this action *pro se* pursuant to 42 U.S.C. § 1983 (2000). He sued defendant Correctional Officer Greg Cheverier in his individual capacity only.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Gonzalez alleges that, on May 30, 2011, at 9:35 a.m., he attempted to take a shower. A correctional officer stated that Gonzalez could not take a shower because the recreation period would end in ten minutes. Gonzalez said he would be finished in five minutes and entered the shower. Defendant Cheverier arrived and ordered Gonzalez to step out of the shower. Gonzalez put on his boxer shorts and tried to put on the rest of his clothes. Defendant Cheverier stopped Gonzalez and told him that he would be escorted to segregation in his boxer shorts. Gonzalez argued with defendant Cheverier over whether he would be escorted fully clothed.

Gonzalez then lay face down on the floor in protest and stated that he would have to be carried to segregation. Defendant Cheverier ordered the plaintiff handcuffed and shackled. When Gonzalez again refused to walk to segregation unless he was fully clothed, defendant Cheverier ordered Gonzalez lifted and placed face down on a gurney. Defendant Cheverier then forced Gonzalez' face down on something metal, causing bleeding, pain and swelling of Gonzalez' mouth.

Gonzalez characterizes his claim as a denial of due process. Because he does not allege any facts regarding issuance of a disciplinary report or other sanctions as a result of the incident, the court can discern no factual basis for a due process claim. The facts, however, suggest a claim for use of excessive force. The case will proceed against defendant Cheverier on the claim for use of excessive force.

ORDERS

Accordingly, the court enters the following orders:

(1)     The **Clerk shall** verify the current work addresses for the defendant with the

Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet containing the complaint to the defendant at the confirmed address within **fourteen (14) days** of this Order. The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing. If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)   The **Clerk shall** send a courtesy copy of the Complaint to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(3)   **The defendant shall** file his response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above. He also may include any and all additional defenses permitted by the Federal Rules.

(4)   Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(5)   All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(6)   Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7)   If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so

can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

**SO ORDERED** this 15th day of October 2013, at Bridgeport, Connecticut.

      /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge